USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/15/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------

IMTIAZ SHAHID a/k/a IMTIAZ SHAHID-
AHMAD a/k/a IMTIAZ AHMAD SHAHID,

                      Petitioner,

    -against-

ERIC HOLDER AND U.S. IMMIGRATION
AND CUSTOMS ENFORCEMENT,

                  Respondents.

-----------------------------------------------------------

09 Civ. 6094 (HB)

**ORDER**

Pursuant to 28 U.S.C. § 2241, petitioner applies for a writ of habeas corpus and an

emergency stay of his physical removal from the United States. For the reasons that

follow, the Court denies the application.

Petitioner is currently being held at the Elizabeth Detention Center in New Jersey

while he awaits deportation to Pakistan, his country of origin. His detention follows an

immigration judge's removal order issued more than six years ago in April 2003. That

order was affirmed by the Board of Immigration Appeals ("BIA") in May 2004 and a

first motion to reopen petitioner's deportation proceedings was denied by the BIA in

October 2004. Petitioner did not voluntarily leave the country after these rulings,

necessitating his detention in March 2009 to enforce removal. On May 12, 2009,

petitioner filed a second motion to reopen his deportation proceedings based on changed

country conditions in Pakistan. In an attempt to ensure that this motion was decided,

petitioner filed with the BIA a motion to stay his removal pending decision. On July 1,

2009, the BIA denied petitioner's motion to stay removal, observing that petitioner was

unlikely to succeed on the merits of his motion to reopen. Petitioner subsequently filed

with the Second Circuit Court of Appeals both a motion to stay removal pending the BIA's decision on his motion to reopen and a petition for review of the BIA's own denial of a stay. On July 6, 2009, the Court of Appeals denied the motion to stay without comment. The petition for review of the BIA denial of stay remains pending.

On July 7, 2009, petitioner applied for a Writ of Habeas Corpus and moved, by Order to Show Cause, for the same relief he requested in the Court of Appeals—a stay of removal pending the BIA's decision on his motion to reopen. The case was originally assigned to Judge Harold Baer, but because Judge Baer was unavailable, decision fell to the undersigned as the Part I judge. The Court held a brief telephone conference the same day petitioner filed, but after the government informed the Court that removal was not imminent, the Court directed the parties by Order dated July 8, 2009 to file further briefing by Friday July 9, 2009. The Court has considered that briefing in reaching its decision as well as petitioner's letter dated July 13, 2009.

Upon review of the parties' submissions, the Court denies plaintiff's motion for a stay because it concludes that it does not have jurisdiction to decide the matter. Petitioner essentially argues that the Due Process Clause of the United States Constitution entitles him to a decision by the BIA on his motion to reopen, and that he would be irreparably harmed if he was deported prior to the BIA rendering such a decision. Citing *Singh v. Gonzales*, 499 F.3d 969 (9th Cir. 2007), petitioner argues that this Court has jurisdiction under 28 U.S.C. § 2241 despite the jurisdiction-stripping provisions of the REAL ID Act of 2009, 8 U.S.C. § 1252, because he is not asking the Court to review a "final order of removal" or even review of a "final decision". The Government opposes petitioner's motion, arguing that the Court of Appeals has already decided whether a stay is

2

appropriate and therefore that this Court is barred from issuing a stay under the doctrine of *res judicata*. In the alternative, the government argues that the REAL ID Act strips this Court of jurisdiction for all "questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States" except in certain circumstances not present here. 8 U.S.C. § 1252(b)(9). Petitioner's request for a stay is a "question of law and fact" barred under this provision.

While the Court is not persuaded that *res judicata* applies, the Court agrees that plaintiff has not met his burden to demonstrate jurisdiction under the REAL ID Act. The Court of Appeals did not state the grounds on which it denied petitioner's motion for a stay. If it denied the motion of jurisdictional grounds—grounds that the government urged the Court of Appeals to rule on—it would not have reached the merits and therefore its decision would not be preclusive. *See Esquire Trade & Finance, Inc. v. CBQ, Inc.*, 562 F.3d 516, 520 (2d Cir. 2009). A plain reading of the REAL ID Act, however, does appear to strip this Court of jurisdiction. Admittedly, plaintiff does not seek review of his as yet undecided motion to reopen. But in order to seek relief in this Court, plaintiff must demonstrate that he has a right to a decision from the BIA on this motion to reopen. Plaintiff had not established that he possesses any right to such a decision, and therefore he has not established that this Court has jurisdiction to stay removal pending that decision. In *Singh v. Gonzales*, 499 F.3d 969 (9th Cir. 2007), the Ninth Circuit held that the district court had habeas jurisdiction to review the petitioner's claim that he was denied effective assistance of counsel when the petitioner's attorney failed to seek review of the BIA's removal order in the Court of Appeals. While plaintiff

3

may very well have a right to effective assistance of counsel, this does not imply a due

process right to a decision on an unlimited number of motions to reopen.  In the absence

of authority granting petitioner the right to a decision on his motion to reopen, the Court

concludes that petitioner's application is no more than a dilatory tactic seeking to

postpone execution of a valid removal order.  Such applications are explicitly barred by

the REAL ID Act.  Moreover, the Court notes that the substance of petitioner's

underlying motion to reopen, though not before the Court, is particularly weak, as the

BIA properly found in denying the motion for stay presented to it.

 Accordingly, petitioner's motion for a stay is DENIED.


SO ORDERED.

Dated: New York, New York
  July 15, 2009

            Richard J. Holwell
            United States District Judge
            Part I Judge